# Exhibit

# A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

---

JAMES C. FOGG,

        Plaintiff,

    -against-

WALMART INC.

        Defendants.

---

Index No.:
Date Purchased:
**SUMMONS**

Plaintiff designates Rockland County as the place of trial.

The basis of venue is:
Defendant Address
Walmart
250 NY-59
Suffern, NY 10901

**To the above named Defendant(s):**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       October 21, 2020

*Sean Connelly*

Sean Connelly, Esq.
Seigel Law, LLC
400 Rella Blvd. Suite 165
Suffern, NY 10901
(845) 533-0192

To:  Walmart
      250 NY-59
      Suffern, NY 10901

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------------
JAMES C. FOGG,

      Plaintiff,

-against-

WALMART INC.

      Defendants.
------------------------------------------------------------------------

Index No.:

Date Purchased:

**VERIFIED COMPLAINT**

    Plaintiff, JAMES C. FOGG by his attorneys, SEIGEL LAW LLC, complaining of the Defendant, respectfully alleges, upon information and beliefs:

1. That at all times herein mentioned, Plaintiff was, and still is, a resident of Bergen County, State of New Jersey.

2. That the cause of action alleged herein arose in Rockland County, City of Suffern, and State of New York.

3. That this action falls within one or more of the exceptions set forth in CPLR §1602.

4. That at all times herein mentioned, the Defendant, **WALMART INC.**, was, and still is, a domestic business corporation duly incorporated under the laws of State of New York.

5. That this action is being commenced within one year and ninety days after accrual of this cause of action, or within the time allowed by law.

6. That on January 4, 2020, and at all times herein mentioned the Defendant **WALMART INC.** owned and operated a Retail Store, commonly known as Walmart Store #2905 which was located at 250 NY-59, Suffern, New York along with the walkways, sidewalks,

pathways, all manners of ingress and egress to and from the premises as well as the floors, mats, carpets and entranceways.

7. That on January 4, 2020, and at all times herein mentioned, Defendant, owned the aforementioned premises.

8. That on January 4, 2020, and at all times herein mentioned, the Defendant **operated** the aforementioned premises.

9. That on January 4, 2020, and at all times herein mentioned, the Defendant managed the aforementioned premises.

10. That on January 4, 2020, and at all times herein mentioned, the Defendant, maintained the aforementioned premises.

11. That on January 4, 2020, and at all times herein mentioned, the Defendant, controlled the aforementioned premises.

12. That on January 4, 2020, and at all times herein mentioned, the Defendant, **WALMART** controlled the aforementioned premises.

13. That on January 4, 2020, and at all times herein mentioned, the Defendant, inspected the aforementioned premises.

14. That on January 4, 2020, and at all times herein mentioned, the Defendant, repaired the aforementioned premises.

15. That on January 4, 2020, and at all times herein mentioned, it was the duty of Defendant to maintain the premises in a safe manner so that the general public and business invitees would have safe ingress and egress to and from the premises.

16. That at all times hereinafter mentioned, the Defendant, **WALMART** was negligent in the special use of the premises and appurtenances and fixtures and mats and rugs thereto, located at the premises.

17. That at all times hereinafter mentioned, said defective condition was a result of the Defendant, **WALMART'** negligence and special use of the premises and appurtenances and mats and rugs fixtures thereto, located at the premises.

18. That at all times hereinafter mentioned, said defective condition was a result of the Defendant, **WALMART's** special use of the premises and appurtenances and rugs and mats and fixtures thereto, located at the premises.

19. That on January 4, 2020, and at all times herein mentioned, it was the duty of Defendants to maintain the entrance and exits and the appurtenances thereto in a reasonably safe condition.

20. That the defendant **WALMART INC** failed to maintain the premises in a reasonably safe condition.

21. That on January 4, 2020, and for a period of time prior thereto, a dangerous, hazardous, bunched up Mat/Carpet at or near the entrance to the store which created a change of elevation and constituted a tripping hazard.

22. That the Defendants affirmatively caused, created or contributed to these conditions through the negligent repairs that the Defendants or the Defendants' agents performed upon the aforementioned conditions.

23. That said condition was caused, created or contributed to by actions of the Defendant, their employees, servants, licensees, agents, assignees, or others acting on Defendants' behalf.

24. That said condition was caused, created or contributed to by actions of the

Defendant, **WALMART** their employees, servants, licensees, agents, assignees, or others acting on Defendants' behalf.

25. That said condition was known to the Defendant its employees, servants, licensees, agents, assignees, or others acting on Defendant's behalf, or the Defendant, its employees, servants, licensees, agents, assignees, or others acting on Defendant's behalf, should have known of said condition had the Defendant exercised reasonable care.

26. That the Defendants had an opportunity to correct said condition and yet failed to do so properly and/or timely.

27. On January 4, 2020, Plaintiff, **JAMES FOGG**, was lawfully on the aforesaid premises.

28. That on January 4, 2020, Plaintiff, **JAMES FOGG**, was a lawful pedestrian at the above-mentioned location.

29. That on January 4, 2020, Plaintiff, **JAMES FOGG**, was at the above-mentioned location in his capacity as a business invitee.

30. That, upon information and belief, Defendants had constructive notice of these defective conditions prior to January 4, 2020.

31. That, upon information and belief, Defendants had actual notice of these defective conditions for at least fifteen (15) days prior to January 4, 2020.

32. Defendants had prior written notice of this defective condition for at least fifteen (15) days prior to January 4, 2020.

33. That the defective conditions constituted a significant structural and/or design defect.

34. That the Defendants caused and created this defect through their affirmative

negligence.

35. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

36. That because of the above stated premises, Plaintiff, **JAMES FOGG**, was caused to sustain serious injuries and to have suffered pain; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

37. That by reason of the foregoing, Plaintiff, **JAMES FOGG**, was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against the Defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Suffern, New York
October 21, 2020

Yours, etc.

J. Sean Connelly, Esq.
SEIGEL LAW
Attorneys for Plaintiff
**JAMES C. FOGG**
400 Rella Blvd, Suite 165
Suffern, New York
(212) 226-2128

## ATTORNEY'S VERIFICATION

**J. SEAN CONNELLY, ESQ.**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at **SEIGEL LAW**, attorneys of record for Plaintiff, **JAMES FOGG**.

I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

DATED:   Suffern, New York
         October 21, 2020

*/s/ J. Sean Connelly*
J. Sean Connelly

WM 20-490 AB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
---------------------------------------------------------------------X
JAMES C. FOGG,

                    Plaintiff,

       -against-

WALMART INC.,

                    Defendant.
---------------------------------------------------------------------X

**Index No.: 034871/2020**

**VERIFIED ANSWER**

       The defendant, WAL-MART STORES EAST, LP i/s/h/a WALMART INC., by its attorneys, BRODY, O'CONNOR & O'CONNOR, ESQS., answering the Verified Complaint herein states upon information and belief:

       FIRST: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "1", and "2", and each and every part thereof.

       SECOND: Defendant denies the allegations set forth in paragraph marked "3", and respectfully refers all questions of law to the trial Court.

       THIRD: Defendant denies the allegations set forth in paragraph marked "4", except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York, leaving all questions of fact to the trier of fact and all questions of law to the Court.

       FOURTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "5", and each and every part thereof.

       FIFTH: Defendant denies the allegations set forth in paragraphs marked "6", "7", "8", "9", "10", "11", "12", "13", and "14", except admits that WAL-MART STORES EAST, LP is a

sublessee of that portion of the premises comprising the Wal-Mart store in Suffern, New York and is the operator of that Wal-Mart store, leaving all questions of fact to the trier of fact and all questions of law to the Court.

SIXTH: Defendant denies the allegations set forth in paragraph marked "15", and respectfully refers all questions of law to the trial Court.

SEVENTH: Defendant denies the allegations set forth in paragraphs marked "16", and "17", and each and every part thereof.

EIGHTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "18", and each and every part thereof.

NINTH: Defendant denies the allegations set forth in paragraph marked "19", and respectfully refers all questions of law to the trial Court.

TENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "20", and each and every part thereof.

ELEVENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "21", and each and every part thereof.

TWELFTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "22", "23", "24", "25", and "26", and each and every part thereof.

THIRTEENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "27", "28", and "29", and each and every part thereof.

FOURTEENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "30", "31", "32", "33", and "34", and

each and every part thereof.

FIFTEENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "35", "36", and "37", and each and every part thereof.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SIXTEENTH: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SEVENTEENTH: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

EIGHTEENTH: Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP i/s/h/a WALMART INC., requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
December 1, 2020

Yours, etc.

BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant

By: _____
PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 20-490 AB

TO: SEIGEL LAW, LLC
Attorneys for Plaintiff
400 Rella Boulevard, Suite 165
Suffern, New York 10901
(845) 533-0192

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York

PATRICIA A. O'CONNOR